CLD-101                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-3033
_____

In Re: ABRAHIM FATA,
                                        Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(E.D. Pa. Civil Action No. 5:24-cv-02402)
District Judge:  Honorable Mitchell S. Goldberg

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
March 13, 2025
Before:  KRAUSE, PHIPPS, and SCIRICA, Circuit Judges

(Opinion filed:  April 16, 2025)
_____

OPINION[*]
_____

PER CURIAM

Appellant Abrahim Fata, proceeding in forma pauperis, appeals from the District

Court's order dismissing his amended complaint.  For the reasons that follow, we will

summarily affirm the District Court's judgment.

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

In June 2024, Fata initiated a civil rights action in the District Court. In his amended complaint, he alleged that he and his children were the victims of a conspiracy to cover up the sexual abuse of his son in 2016. After the first conspiracy, he alleged that there was "another conspiracy to cover up the previous crime, and then another conspiracy again, over and over." See Am. Compl. at ECF p. 2. Fata named dozens of individuals, along with various municipal, state, and federal entities, as defendants. He then listed dozens of state and federal statutory provisions, including various criminal offenses and rules of professional and judicial conduct. After granting Fata's application to proceed in forma pauperis, the District Court: (1) dismissed Fata's claims on his own behalf as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), and (2) dismissed for lack of standing any claims that Fata sought to bring on behalf of his children. Fata timely appealed.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We construe Fata's allegations liberally and exercise plenary review over the District Court's dismissal order. See Durham v. Kelley, 82 F.4th 217, 223 (3d Cir. 2023). We may summarily affirm a district court's decision "on any basis supported by the record" if the appeal fails to present a substantial question. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

We agree with the District Court's decision to dismiss this case. To the extent that Fata sought to bring any claims on behalf of his children, he is not an attorney and cannot represent them pro se. See Osei-Afriyie v. Med. Coll. of Pa., 937 F.2d 876, 882-83 (3d

2

Cir. 1991). Although Fata insists that a wide-ranging conspiracy has been perpetrated against him by more than 50 individuals and entities, his complaint lacks any specific factual allegations to explain how he might be entitled to relief.[1] See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Fata's belief that a conspiracy exists is not sufficient to survive dismissal. See Morrow v. Balaski, 719 F.3d 160, 165 (3d Cir. 2013) ("[W]e are not compelled to accept unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation.") (citation omitted).

Accordingly, we will summarily affirm the judgment of the District Court.

---

[1] Fata has not clarified his claims in any of his filings to suggest that he could offer additional factual allegations to overcome dismissal. Because Fata had an opportunity to amend his complaint, granting him further leave to amend would have been futile and it was appropriate to dismiss the claims Fata brought on his own behalf with prejudice. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).